IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:22CR75 |
| | : | |
| DARIUS RAYSHAUN KING et al. | : | |

**MOTION TO CONTINUE JURY TRIAL AND DESIGNATE THE INSTANT MATTER AS A COMPLEX CASE**

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, John M. Alsup, Assistant United States Attorney, Christina Taylor and Matthew Mattis, Trial Attorneys, and defendants [1] DARIUS RAYSHAUN KING, a.k.a. "Diddo," a.k.a. "Ditto," a.k.a. "LB," a.k.a. "Lightbread," a.k.a "Quixk," [2] JHUSTYN KELVIN MITCHELL, a.k.a. "J-West," a.k.a. "Big Wixked," [3] RICKY ALLEN WILLIAMS, a.k.a. "Raw," [4] JACKII DEMETRIUSS FLOYD, a.k.a. "Boss," [5] SAQUAN LANARD ROUSE, a.k.a. "SQ," a.k.a. "Playdoe," [10] JEREMY WAYNE HASTY, a.k.a. "Seno," a.k.a. "Seno2x," [11] JOSEPH MORANT TISDALE, a.k.a. "Jody," a.k.a. "Jody Wixked," [12] ROBERT LEE TOWNSEND, JR., a.k.a. "Jeezy," and [13] TERRANCE GERNADO COLEMAN a.k.a "T-Ruger" a.k.a "Little T," by and through their counsel, request that the Court grant a continuance of the jury

1

trial date in the above-captioned matter and designate the matter as a complex case.

At this time, defendants [6] KENNETH MALIK WISE, a.k.a. "KG," a.k.a. "Kenny," a.k.a. "Big Psyxho," [7] BRANDON DONTE TIPPS, a.k.a. "Tipps," and, [9] JALEN RASHAD FORD, a.k.a. "Pronto," by and through counsel, object to the complex case designation. Defendant [8] JAQUAN WILLIAMS-CLARK, a.k.a. "Jay Jay," a.k.a. "JJ," a.k.a. "Psyxho Jay," a.k.a. "Psykho Jay," has not been arraigned or appointed counsel. There remains one defendant, [14] Sealed, who has not yet been arrested. The same body of enterprise and conspiracy evidence applies to him in relation to the crimes he is charged with in the Indictment. As to all parties, for the reasons further detailed below, designation of this matter as a complex case warrants tolling of the ordinary speedy trial time.

A. PROCEDURAL HISTORY

1. On March 21, 2022, the grand jury returned an Indictment in case number 1:22CR75, charging defendants [1]-[12] with Racketeering Influenced and Corrupt Organizations (RICO) Conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One). The same defendants, along with [13] TERRANCE GERNADO COLEMAN, are charged in a Conspiracy to Distribute Narcotics, in violation of Title 21, United States Code, Section 846 (Count Two). [5] ROUSE is separately charged with Attempted Murder in Aid

of Racketeering, in violation of Title 18, United States Code, Sections 1959(a)(5) (Count Six), and a related Title 18, United States Code, Section 924(c)(1)(A)(iii) discharge violation (Count Seven). [8] WILLIAMS-CLARK is also separately charged with violations under Title 18, United States Code, Sections 922(o), 924(c)(1)(A), 924(c)(1)(B)(iii) related to his alleged possession of a machinegun (Counts Ten and Twelve).

2. Defendants [1] KING, [3] WILLIAMS, [4] FLOYD, [5] ROUSE, [6] WISE, [7] TIPPS, [9] FORD, [10] HASTEY, [11] TISDALE, and [12] TOWNSEND, have been arraigned on the Indictment and entered pleas of Not Guilty. Defendants [2] MITCHELL and [13] COLEMAN are presently serving sentences in the Bureau of Prisons ("BOP") and have not been arraigned. They await transport on BOP Orders to Produce. According to open-source BOP records, [2] MITCHELL is scheduled for release from FCI Beckley on or about October 13, 2022 and [13] COLEMAN is scheduled to be released from FCI Butner Medium II on or about March 17, 2024. Defendant [8] WILLIAMS-CLARK is presently in state (local) custody and expected for arraignment in short order. One defendant, whose name remains sealed, has yet to be arrested. Consistent with the ordinary practice, the defendants arraigned in late-March and early-April of 2022, would be set for disposition during the May 2022 Criminal Term of Court.

3. The nature of the Indictment in this case is unusually complex. It is the result of an investigation spanning approximately six years and conducted by multiple federal agencies across the country with assistance from multiple state and local law enforcement agencies. Broadly, the Indictment charges a RICO conspiracy that involves leaders, members, and associates of the United Blood Nation, Nine-Trey Gangsters, Quixk Nation/Quixk Money Gang and covers conduct that occurred throughout the Middle District of North Carolina, as well as nationally. As alleged in the Indictment, the conduct covers approximately ten years of criminal activity, including, but not limited to, murder, attempted murder, drug trafficking, aggravated assaults, witness tampering, and unlawful possession of firearms.

4. As a result of the complex nature of the case, discovery is voluminous and includes, but is not limited to, investigative reports from both federal and state agencies spanning approximately a decade, materials obtained through Grand Jury subpoenas (including voluminous financial records), search warrants, electronic surveillance (pole cameras and a consensual wiretap), downloads of entire social media accounts belonging to QN/QMG members/associates, court documents, transcripts and recordings of proactive law enforcement operations, voluminous body worn camera data/videos, reports of various forensic examinations, including forensic

chemistry, medical examinations, and ballistics, and thousands of pages of witness statements and other Jencks material.

5. The discovery package of Overt Acts alleged specifically in the Indictment, which consists of Rule 16 redacted documents, reports, body-worn camera footage, and photographs [to the extent these items do not involve potential witnesses/cooperators/informants or are strictly Jencks material] includes approximately 724 gigabytes of data. While the government is in the process of organizing and producing discovery to defense counsel for each of the defendants, the defendants will require substantial time in order to thoroughly review the discovery, conduct any necessary follow-up investigation, visit the United States Attorney's Office to view material subject to any protective order, and thereafter, apprise their clients of the nature of the evidence against them. Only then would any defense counsel, even working in tandem with others, be able to research, prepare, and file any necessary pretrial motions.[1]

6. Moreover, certain defendants – [2] MITCHELL, [3] WILLIAMS and [6] WISE – are charged in Count One with a § 1962(d) RICO conspiracy

---

[1] After further consultation with all the defense attorneys involved in this matter, the government anticipates filing a motion for a "Protective Order and Request to Delay Production of Jenks Material." That motion will outline the various issues with discovery in more detail and the reasons for the government's various requests that are unique to a matter of this complexity and the crimes charged.

murder in the Indictment. In accordance with United States Department of Justice death penalty protocol processes, the government anticipates delivering a memo to DOJ's Capital Case Unit on or before May 2, 2022.

7. The government respectfully requests that the Court continue the trial in this matter to the January 2023 Criminal Term of Court, or to such later date as approved by the Court. The government anticipates that trial will last approximately six to eight weeks, depending on the number of defendants involved and the evidence relevant to those defendants.

8. Under the Speedy Trial Act, a defendant must generally be brought to trial within seventy days of his initial appearance or the making public of the indictment, whichever last occurs. However, certain time periods are excluded from this calculation, including the pendency of any pretrial motion (from its filing through the hearing or ruling on the motion), 18 U.S.C. § 3161(h)(l)(D), as well as any delay resulting from a continuance granted in furtherance of the "ends of justice," 18 U.S.C. § 3161(h)(7)(A); *see also Bloate v. United States*, 558 U.S. 196, 214 (2010) (subsection (h)(7) provides "'[m]uch of the Act's flexibility' and gives district courts 'discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs'") (quoting *Zedner v. United States*, 547 U.S. 489, 499 (2006)). The Speedy Trial Act makes excludable a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial

has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

9. In determining whether to grant a continuance under 18 U.S.C. § 3161(h)(7)(A), the Speedy Trial Act directs the Court to consider, among other factors: (i) whether failing to grant a continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" (18 U.S.C. § 3161(h)(7)(B)(i)); and (ii) whether the case "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" seventy days (18 U.S.C. § 3161(h)(7)(B)(ii)).

10. For the foregoing reasons, given the number of defendants, the volume of discovery, and the charges alleged "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [ordinary] time limits established by" the Speedy Trial Act. 18 U.S.C. (h)(7)(B)(ii); *see United States v. Reyes-Canales*, No. CR JKB-17-589, 2020 WL 1955578, at *1 (D. Md. Apr. 23, 2020) (excluding time based on complexity of case that charged "racketeering activity, including conspiracy to commit murder and two counts of attempted murder"). Without government objection, the defendants have moved to for the Court appoint a discovery coordinator, a motion the Court is still considering. (*See* Dkt. ##94, 101.) Aside from

discovery, potentially complicated and voluminous motions are anticipated, thereby requiring additional time for the parties to research applicable law and respond. Additionally, the Court may have to review, consider, and rule on all such motions and responses. This will ensure that any motions are heard and decided in a timely organized fashion and that the evidence is presented to a jury without unnecessary and time-consuming delays. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(ii).

11. Accordingly, and in accordance with the complex case designation, the government requests that the Court exclude all time between the date of arraignment for each defendant and the filing of pre-trial motions, for purposes of Speedy Trial calculations, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii). The exclusion is appropriate because of the nature and complexity of the prosecution. The ends of justice served by this exclusion of time outweigh the interest that the public and the defendants have in a speedy trial.

12. Therefore, the government respectfully requests that this Court certify this cause as a complex case, therefore tolling the time limits under the Speedy Trial Act, 18 U.S.C. § 3161, and issue a scheduling order reflecting a trial date as it may deem appropriate.

13. A severance has not been granted, and the speedy trial time should be tolled pursuant to 18 U.S.C. § 3161(h)(6).

14. Counsel for the United States has discussed this motion with counsel for each defendant, as indicated above. Counsels for defendants [1] KING, [2] MITCHELL, [3] WILLIAMS, [4] FLOYD, [5] ROUSE, [10] HASTEY, [11] TISDALE, [12] TOWNSEND, and [13] COLEMAN, do not object to filing of this motion or the relief requested herein. Counsels for defendants [6] WISE, [7] TIPPS, and [9] FORD, have indicated that their clients object to the complex case designation and tolling of speedy trial time.

15. To the extent there are any issues related to relief requested herein or with the proposed discovery process, the parties request that the Court hold a status conference during the May or June 2022 Criminal Term of Court.

WHEREFORE, for the reasons above, the parties respectfully request that the Court certify the instant matter as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), continue the trial date to the January 2023 Criminal Term of Court (or later) and exclude the computation of time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii).

This the 18th day of April, 2022.

                Respectfully Submitted,

                SANDRA J. HAIRSTON
                UNITED STATES ATTORNEY


                /S/ JOHN M. ALSUP
                Assistant United States Attorney
                Middle District of North Carolina
                NCSB No.: 43386
                United States Attorney's Office
                101 S. Edgeworth St., 4th Floor
                Greensboro, NC  27402
                336/333-5351

                /S/ CHRISTINA TAYLOR
                /S/ MATTHEW MATTIS
                Trial Attorneys
                Department of Justice
                Organized Crime and Gang Section

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:22CR75-1 |
| | : | |
| DARIUS RAYSHAUN KING et al. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participants:

| | |
|---|---|
| Aaron B. Wellman, Esq. | Brian M. Aus, Esq. |
| Christopher R. Clifton, Esq. | Michael A. Grace, Esq. |
| Curtis R. High, Esq. | Daniel D. Adams, Esq. |
| Deborrah L. Newton, Esq. | Helen L. Parsonage Esq. |
| J. Clark Fischer, Esq. | John D. Bryson, Esq. |
| Robert O'Hale, Esq. | Robert W. Ewing, Esq. |
| Stacey D. Rubain, Esq. | |

/S/ JOHN M. ALSUP
Assistant United States Attorney
Middle District of North Carolina
NCSB No.: 43386
United States Attorney's Office
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27402
336/333-5351

/S/ CHRISTINA TAYLOR
/S/ MATTHEW MATTIS
Trial Attorneys
Department of Justice
Organized Crime and Gang Section

11